Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
PATRICIA LOAISIGA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PATRICIA LOAISIGA, <br><br> Plaintiff, <br> v. <br><br> CONVERGENT OUTSOURCING, INC., <br><br> Defendant. | **Case No.:** 4:15-cv-5891 <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, PATRICIA LOAISIGA ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Hayward, Alameda County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Renton, Washington.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third

parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff, owed by Plaintiff's mother.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around May 2015, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone ending in 2258.

23. Defendant was calling Plaintiff from 510-931-5593, 510-931-5668, 510-931-5622, which are three of Defendant's numbers.

24. On or around May 11, 2015, Plaintiff answered Defendant's collection call.

25. In the aforementioned conversation, Plaintiff told Defendant's collection agent to stop calling.

26. On or around May 12, 2015, Defendant called Plaintiff in an attempt to collect a debt belonging to Plaintiff's mother.

27. On or around May 13, 2015, Defendant called Plaintiff in an attempt to collect a debt belonging to Plaintiff's mother.

28. Despite Plaintiff's request for Defendant to stop calling Plaintiff, Defendant continued to call

Plaintiff on Plaintiff's cellular telephone number.

29. Defendant is attempting to collect a debt that belongs to Plaintiff's mother.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692b(3) of the FDCPA when Defendant continued to call Plaintiff in an attempt to collect a debt Plaintiff did not owe and after Plaintiff told Defendant to stop calling;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt by contacting Plaintiff on Plaintiff's work phone; and

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant continuously called Plaintiff in an attempt to collect a debt Plaintiff did not owe.

WHEREFORE, Plaintiff, PATRIIA LOASIGA, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, PATRICIA LOAISIGA, respectfully requests judgment be entered against Defendant, CONVERGENT OUTSOURCING, INC., for the following:

38. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

39. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

40. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  December 21, 2015            AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    PATRICIA LOAISIGA